UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUAN ENRIQUE MEJIA,

    Petitioner,

CASE NO. 1:10-CV-306

v.

HON. ROBERT J. JONKER

JOHN PRELESNIK,

    Respondent,
_____/

# ORDER APPROVING AND ADOPTING
# REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 33) and Petitioner Mejia's Objections to Report and Recommendation (docket # 28). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections. After its review, the Court finds that Magistrate Judge correctly concluded that Mr. Mejia is not entitled to habeas corpus relief.

In petitioning for habeas corpus relief, Mr. Meija raises two issues. First, he asserts that his trial lawyer was constitutionally ineffective. Second, he claims that the State of Michigan violated his constitutional rights by failing to make available an appeal as of right from the guilty plea he entered. (Petition, docket # 1; Obj., docket # 34, at 1.) After a careful and thorough examination of the record, the Magistrate Judge rejected both claims. Petitioner's objections fail to deal in a persuasive way with the Magistrate Judge's analysis. This Court agrees with the Magistrate Judge that Petitioner's ineffective assistance claim was procedurally defaulted, and that Petitioner failed to establish a basis for excusing the default. Petitioner's other claim fails because of the authority cited by the Magistrate Judge. Petitioner does not persuasively attack that authority. Nor does he offer specific authority for his position, arguing only that "the equal protection analysis is deeply ingrained in Supreme Court precedent." (Obj., docket # 15.) This is not enough to sustain Petitioner's claim for habeas relief. *See Jaloewiec v. Bradshaw*, 657 F.3d 293, 301 (6th Cir. 2011) ("Under the 'contrary to' clause, a federal habeas court may grant the writ only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts.") (citation omitted). This objection fails.

The Court concludes that the Magistrate Judge properly determined that Petitioner is not entitled to federal habeas relief.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); see also, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

The Magistrate Judge properly concluded that Mr. Mejia is not entitled to the habeas corpus relief he seeks. Mr. Mejia is not entitled to a certificate of appealability. Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 33) is **APPROVED AND ADOPTED** to the extent consistent with this Order as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (docket # 1) is **DISMISSED**; and

2. Petitioner is **DENIED** a certificate of appealability.


DATED:_____          _____
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE